# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CAROL STEPIEN, an individual,

    Plaintiff,

v.

RICK SPINRAD, Under Secretary of Commerce for Oceans and Atmosphere and NOAA Administrator; National Oceanic and Atmospheric Administration (NOAA), an Agency of the United States,

    Defendants.

No.

Complaint Re Freedom of Information Act, 5 U.S.C. § 552

## I.  INTRODUCTION

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records unlawfully withheld by NOAA related to the employment of former, NOAA Employee, Carol Stepien. Ms. Stepien has sought records several times from NOAA over the past 12 months with little to no responsive document produced by NOAA. NOAA has not yet provided *any* substantive response, nor has NOAA told Ms. Stepien to modify or clarify her request.

## II.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201. Venue is proper in this court under 5 U.S.C. § 552(a)(4)(B), as the FOIA Request

DECLARATION OF NOLAN LIM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

11999.00000 nd150104

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE SUITE 1850
Seattle, Washington 98101
Tel 206.774-8874  Fax 206.430-6222

was issued from Stepien stemming from her employment at NOAA while she was in Seattle, WA.

2. Because NOAA failed to respond to the FOIA Request with a statement of whether they will comply or not, or even to notify Stepien of how much additional time to produce documents would be needed within 20 business days of her respective request, no administrative appeal is required under 5 U.S.C. § 552(a)(6)(c)

### III.    Statutory Background:

3. FOIA requires agencies to "make available to the public information." 5 U.S.C. § 552(a). Any information subject to FOIA must be disclosed. "[E]ach agency, upon any request for records . . . shall make the records promptly available to any person." Id. § 552(a)(3).

4. "[U]pon any request for records made under [§ 552(a)](1), (2), or (3)," an agency has 20 business days to determine whether to comply. Id. § 552(a)(6)(A). NARA's FOIA regulations also require a response within 20 days or notification to the requester that "complicating factors" prevent NARA from making a decision within 20 working days. 36 C.F.R. § 1250.26.

5. An agency may only withhold documents that fall within one of the enumerated exemptions from FOIA. If an agency withholds documents, it must provide a "*Vaughn* Index" that adequately identifies the specific documents withheld. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). "A withholding agency must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis in original); *see also Wiener v. FBI*, 943 F.2d 972, 978 (9th Cir. 1991)

DECLARATION OF NOLAN LIM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

11999.00000 nd150104

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
Seattle, Washington  98101
Tel 206.774-8874  Fax 206.430-6222

(requiring a *Vaughn* Index and finding it inadequate); *Andrus v. United States Dep't of Energy*, 200 F. Supp. 3d 1093, 1105 (D. Idaho 2016) (same)

6. A court may review an agency's decision to withhold documents, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency cannot justify its withholding by offering nothing more than "[c]onclusory and generalized allegations." *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 680 (D.C. Cir. 1976). When the agency fails to sustain its burden, the court may "order the production of any agency records improperly withheld from the complainant." 5 U.S. C. § 552(a)(4)(B).

### IV. Facts

#### A. Plaintiff's FOIA Request

7. On November 17, 2020, (Agency Request #2021-00298) Plaintiff through her attorney requested records of the following documents:

   a. All documents and correspondence to or from Michelle McClure from March 1, 2020 to March 31, 2021 referencing "high turnover", turnover rates, or employee resignations within the National Oceanic and Atmospheric Administration (NOAA) Pacific Marine Environmental Lab (PMEL).

   b. All records of employees who resigned from PMEL from 2019 to 2020 and the documents reflecting the reasons

   c. for their resignations.

   d. All resignation letter(s) authored and sent by Dr. Christopher Paight within PMEL.

   e. All documents, records, notes, memoranda, and correspondence, including documents from external investigators provided to NOAA staff, regarding investigations conducted in PMEL during 2020.

DECLARATION OF NOLAN LIM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

11999.00000 nd150104

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
Seattle, Washington 98101
Tel 206.774-8874  Fax 206.430-6222

    f. All documents containing, correspondence referencing, and records of complaints made by PMEL staff regarding Dr. Carol Stepien during 2020.

    g. All documents, records, notes, memoranda, and correspondence regarding a 955 investigation initiated by Michelle McClure involving James Guyton and Dr. Carol Stepien.

8. On December 8, 2020, Plaintiff made the following FOIA request (Agency Request #2021-000401) to Defendant:

    i. To clarify, I request all communications about me, as the subject, email and written between Michelle McClure and Karolyn Turcotte, between March 2019 and present. I further request all communications, email and written, between Michelle McClure and Christopher (Chris) Paight from June 2019 through present, particularly his May 2020 resignation letter.

9. On January 4, 2021, Plaintiff made a request (Agency Request # 2021-000652) for additional documents in the form below:

    a. I request a copy of the investigation report and all notes and interviews conducted by Kirk Essmyer and Steven Goodman, made against me conducted at the request of Dr. Michelle McClure, initiated May 2020 through present.

10. On March 22, 2021, Plaintiff's attorney, submitted a spreadsheet to Agency FOIA Liaison, Karen Robin, confirming that Ms. Stepien was still seeking records that are mentioned in the above paragraphs 7-9.

11. On April 8, 2021, Ms. Robin wrote an email to Plaintiff's attorney stating that "search efforts" were underway for responsive documents and that "not all responsive documents maybe releasable in full under the FOIA."

DECLARATION OF NOLAN LIM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

11999.00000 nd150104

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
Seattle, Washington 98101
Tel 206.774-8874  Fax 206.430-6222

12. As of August 20, 2021, NOAA has not provided any documents responsive to the requests outlined in paragraphs 7-8 above.

13. NOAA has not responded to Stepien nor her attorney about whether they intend fully comply or not with the FOIA requests they made on November 7, 2020, and December 8, 2020, January 4, 2021,

**V.     Causes of Action**

**First Cause of Action - Violation of the Freedom of Information Act – Failure to Respond 5 U.S.C §§ 552(a)(3), (a)(4)(B)**

14. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

15. NOAA violated FOIA by failing to respond to each of the above the above FOIA Request for records within 20 business days indicating whether they would comply or not.

**Second Cause of Action - Violation of the Freedom of Information Act – Failure to Respond 5 U.S.C §§ 552(a)(3), (a)(4)(B)**

16. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

17. NOAA further violated FOIA by failing to promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to the AGO's request for records.

**VIII. PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

18. Declare that NOAA violated FOIA by failing to make a determination on the FOIA Request within the time period prescribed by law;

19. Declare that NOAA violated FOIA by failing to promptly provide all responsive

DECLARATION OF NOLAN LIM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

11999.00000 nd150104

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE SUITE 1850
Seattle, Washington  98101
Tel 206.774-8874  Fax 206.430-6222

20. Declare that NOAA waived its right to request fees for processing the Plaintiff's request by failing to respond timely to the request;

21. Order NOAA to provide a determination on the FOIA Request, at no cost to the Plaintiff;

22. Order NOAA to conduct searches reasonably calculated to locate the requested records, and release all records responsive to the FOIA Request within twenty days of this Court's order, at no cost to Plaintiff;

23. Enjoin NOAA from withholding agency records and order the production of all agency records improperly withheld from Plaintiff;

24. Retain jurisdiction over this action to ensure the processing of the FOIA Request is in compliance with FOIA and any orders of this Court;

25. Award Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, and any other applicable provision of law; and

26. Grant such other relief as the Court may deem just and proper.

DATED this August 27, 2021, at Seattle, Washington.

By: s/*Nolan Lim*

Nolan Lim

DECLARATION OF NOLAN LIM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

11999.00000 nd150104

**NOLAN LIM LAW FIRM, PS**
1111 THIRD AVE SUITE 1850
Seattle, Washington 98101
Tel 206.774-8874  Fax 206.430-6222